UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENDA M JOHNSON,

                Plaintiff,

v.

TERRY LEE REMBERT, PIERCE COUNTY, JANA STEALING, DEPARTMENT OF CHILD SUPPORT,

                Defendants.

Case No. C19-5529 RJB

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter has been referred to the undersigned Magistrate Judge and is before the Court on Plaintiff Brenda M. Johnson's ("plaintiff") motion to proceed *in forma pauperis* (Dkt. 1) and proposed complaint (Dkt. 1-1). In light of the deficiencies in the complaint discussed below, the undersigned will not direct service of the complaint at this time. Plaintiff will be provided the opportunity by July 15, 2019 to show cause why the complaint should not be dismissed or to file an amended complaint. Plaintiff's application for IFP (Dkt. 1) shall be renoted for July 15, 2019.

<u>DISCUSSION</u>

**A. Plaintiff's Proposed Complaint**

On June 11, 2019, plaintiff filed the instant motion and proposed complaint alleging negligence as well as numerous violations of her Constitutionally protected rights. *Id*. Plaintiff has named a number of defendants in her proposed complaint, including Terry Lee Rembert ("Rembert"), a Pierce County Corrections Officer and Johnson's ex-husband, Jana Stealing

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT - 1

("Stealing"), an employee of the "Department of Child Support", "Pierce County Sherriff of Corrections" (presumably Pierce County Sheriff's Department) and "Department of Child Support" (presumably Washington State Department of Social and Health Services – Division of Child Support) ("DSHS"). *Id*.

For the section of the proposed complaint titled "Statement of Claim," plaintiff states, "On (*date*) [sic] June 30, 1999, at (Pierce County) [sic] Pierce County Superior Court, the defendant(s) Terry Lee Rembert, Pierce County, Jana Stealing Department of Child Support: (1) performed acts that a person of ordinary prudence in the same or similar circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances because …" (Dkt. 1-1 at 6.) Plaintiff then goes on to explain that shortly after dissolving her marriage with Rembert, Rembert petitioned for and received custody of their children. *Id*. Plaintiff also alleges that Rembert failed to make child support payments causing plaintiff to lose her home. *Id*. Plaintiff contends that the removal of her children and the foreclosure of her home constitute a violation of her Fourth Amendment rights and her right to equal protection under the Fourteenth Amendment. *Id*.

Next, plaintiff alleges that Rembert took, "approximately $6,700 owed to Plaintiff from the IRS," and that "approx. $350.00 was taken from [plaintiff] in June 2016 when she worked for Amazon." *Id*. Plaintiff concludes her allegations against Rembert by stating that, "Johnson finds Terry Lee Rembert liable for negligent [sic]." *Id*.

Next, plaintiff contends that Pierce County, the State of Washington and the DSHS violated her Constitutionally protected rights. (Dkt. 1-1 at 7). Plaintiff states that she "tried to appeal such action and was denied her due process of the law [sic] in Pierce County through the State of Washington." *Id*. Plaintiff does not identify what "action" she attempted to appeal. *Id*.

Plaintiff also states that "DCS had no legal authority to break the laws" and that as a result of wrongdoing by the DSHS "her Fourteenth amendment rights fifth, [sic] amendment of due process of the law [sic] was violated." *Id*. Plaintiff also alleges that she was not served with child support orders, "which broke the law by denying her right to defending [sic] her rights in a court of law." *Id*. Finally, plaintiff alleges that the "Department of Child Support has failed to collect, enforce, and threaten Johnson [sic] with violations of her Constitutional rights for equal and fair treatment and due process of law." *Id*.

**B. Standard of Review of a Proposed Complaint**

Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim for relief must contain:

> (1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) A short and plain statement of the claim showing the pleader is entitled to relief; and
> (3) A demand for the relief sought, which may include relief in the alternative or different types of relief.

While the pleading standard under FRCP 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions" or "'naked assertion[s]' devoid of "further factual enhancements." *Id*. (*quoting, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (1988). However, this lenient standard does not excuse

a pro se litigant from meeting the most basic pleading requirements. *See*, *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

**C. Analysis of the Proposed Complaint**

1. Rooker-Feldman Doctrine

It is unclear from the complaint whether this Court has jurisdiction to hear this matter. "Rooker-Feldman is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal court from hearing de facto appeals from state court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). The Rooker-Feldman doctrine prohibits a district court from reviewing the decision of a state court, when a federal plaintiff asserts as their injury a legal error by the state court and seeks as their remedy relief from that state court judgment. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

It appears that, at least as to some of plaintiff's claims, she requests that the Court review a state court's decision. Plaintiff alleges that a state court judge violated her Constitutionally protected rights by making legal errors in a child custody proceeding. (Dkt. 1-1 at 6-7). It is unclear what relief plaintiff seeks from these purported errors. In the section of the proposed complaint entitled "Relief," plaintiff states that she is seeking monetary damages and also states "Exhibit Child Support order dkt. Entry OCTOBER 22, 1999, Child Support order dkt. Entry December 22, 2003 case 99-3-02048-0." (Dkt. 1-1 at 8.) This Court does not have jurisdiction to review the state custody proceeding or related child support orders cited by plaintiff.

2. Negligence Cause of Action

With regard to plaintiff's cause of action for negligence, the proposed complaint fails to meet the pleading standards set forth in FRCP 8.

- 4

1 | First, the proposed complaint does not provide a "short plaint statement of the grounds
2 | for the court's jurisdiction" for this cause of action. Pursuant to 28 U.S.C. § 1331, district courts
3 | have subject matter jurisdiction over all actions arising under the Constitution, laws or treaties of
4 | the United States. Pursuant to 28 U.S.C. § 1332(a), district courts have subject matter
5 | jurisdiction over civil actions where, "the matter in controversy exceeds the sum or value of
6 | $75,000, exclusive of interest and cost, and is between (1) Citizens of different States […]"
7 | Finally, pursuant to 28 U.S.C. § 1367, in a civil action where the district court has original
8 | jurisdiction, "the district court shall have supplemental jurisdiction over all claims that are so
9 | related to claims in the action within such original jurisdiction that they form part of the same
10 | case or controversy."

The proposed complaint identifies two potential grounds for subject matter jurisdiction in this action. First, the caption of the proposed complaint states that this Court has diversity jurisdiction over the negligence cause of action. (Dkt. 1-1 at 1.) However, plaintiff has identified that each party to this action is a citizen of the State of Washington. (Dkt. 1-1 at 1-3). Accordingly, this cause of action fails the diversity requirement under 28 U.S.C. § 1332(a)(1). For the section of the proposed complaint titled "Basis For Jurisdiction," plaintiff has stated that this cause of action has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because it arises out of the United States Constitution. (Dkt. 1-1 at 3-4.) However, plaintiff has not identified how her cause of action for negligence arises from the United States Constitution. In short, the proposed complaint fails to identify the grounds for this Court's jurisdiction over plaintiff's negligence cause of action as required by FRCP 8.

Furthermore, the proposed complaint fails to provide a "short plain statement of the claims showing that the pleader is entitled to relief." The proposed complaint attempts to allege negligence by stating:

> "On (date) [sic] June 30, 1999 at (Pierce County) Pierce County Superior Court, [sic] the defendant(s) Terry Lee Rembert, Pierce County, Jana Stealing Department of Child Support: (1) performed acts that a person of ordinary prudence in the same or similar circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances," and
>
> "Johnson finds Terry Lee Rembert liable for negligent [sic]."

(Dkt. 1-1 at 6). Plaintiff does not explain what happened, when it happened, or where it happened. Plaintiff's conclusory allegations are insufficient to state a cause of action for negligence without further factual development.

### 3. 42 U.S.C. § 1983

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim under Section 1983, a complainant must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id*. Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are presented. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

To state a claim under Section 1983, a plaintiff must set forth the specific factual bases upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1982). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (1982).

In the proposed complaint, plaintiff, without citing to Section 1983, attempts to allege a cause of action on the ground that state officials have deprived her of her federally protected rights. (Dkt. 1-1 at 3-4, 6-7.) Plaintiff has not provided sufficient factual allegations to meet the pleadings standards set in FRCP 8. Plaintiff relies on vague and conclusory allegations of wrongdoing without providing factual allegations supporting her claim. (Dkt. 1-1 at 6-7.) Furthermore, plaintiff has not identified any specific person that she purports acted under color of state law and has failed to provide factual allegations that any conduct violated her federally protected rights. *Id.*

    4. Eleventh Amendment Immunity

The Eleventh Amendment of the United States Constitution prohibits a private citizen from suing a state government in federal court without the state's consent. *See, Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996). This Eleventh Amendment immunity extends to state agencies. *See, Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Natural Resources Defense Council*, 96 F.3d at 421.

The proposed complaint names Washington State DSHS. (Dkt. 1-1 at 2-3.) This is a state agency, immune from plaintiff's causes of action. Plaintiff has not alleged any facts or

cited any authority supporting her causes of action against the Washington State Department of Social and Health Services.

5.  18 U.S.C. § 242

The proposed complaint cites to 18 U.S.C. § 242 as supporting authority for plaintiff's causes of actions alleging violations of her Constitutionally protected rights. (Dkt. 1-1 6.) However, Section 242 is a criminal provision that provides no basis for civil liability. *Aldabe*, 616 F.2d at 1092.

## CONCLUSION

Because plaintiff has filed this claim pro se, the Court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. However, even under this lenient standard of interpretation, plaintiff has failed to meet the basic pleading requirements set out in FRCP 8. Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, plaintiff shall show cause why their complaint should not be dismissed or file an amended complaint to cure these deficiencies, if possible, on or before **July 15, 2019**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *See, Sierra Med. Servs. All. v. Kent*, 883 F.3d 1216, 1223 (9th Cir. 2018) (*citing to Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012)).

The Court will screen the amended complaint to determine whether it states a claim for relief. If the amended complaint is not timely filed or fails to adequately address the issues

raised herein, the undersigned will recommend the dismissal of this action under 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 18th day of June, 2019.

Theresa L. Fricke
United States Magistrate Judge