UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA M JOHNSON,<br><br>                Plaintiff,<br>    v.<br><br>TERRY LEE REMBERT,<br><br>                Defendants. | Case No. C19-5529 RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for October 25, 2019 |

This matter has been referred to Magistrate Judge Theresa Fricke. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 3 and 4. On June 11, 2019, plaintiff filed an application to proceed *in forma pauperis* and a proposed complaint. Dkt. 1; Dkt. 1-1. In light of the deficiencies in the proposed complaint, the undersigned ordered that plaintiff show cause why the complaint should not be dismissed or file an amended complaint. Dkt. 3. Plaintiff filed a proposed amended complaint. Dkt. 4. For the reasons set forth below, plaintiff's amended complaint remains fatally deficient, and therefore the Court should deny plaintiff's application to proceed *in forma pauperis*.

DISCUSSION

**A. Plaintiff's Proposed Amended Complaint**

Plaintiff's amended complaint alleges violations of her constitutionally protected rights and no longer alleges a cause of action for negligence. Dkt. 4 at p. 1. Plaintiff alleges that she is bringing this action against state or local officials pursuant to 42 U.S.C. § 1983 and against federal officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of*

REPORT AND RECOMMENDATION - 1

*Narcotics*, 403 U.S. 388 (1971). Dkt. 4 at p. 5. The proposed amended complaint names the following defendants, Terry Lee Rembert ("Rembert"), "Pierce County Sherriff of Correction (presumably Pierce County Sherriff's Department) ("Sherriff's Department"), Jana Stealing ("Stealing"), and the "Department of Social and Health" (presumably the Washington State Department of Social and Health Services) ("DSHS"). *Id*. at p. 2-3.

In the section entitled "Statement of Claim," plaintiff alleges that she was married to Defendant Rembert in 1989 and she filed for divorce in 1999. *Id*. at p. 8. Plaintiff alleges that subsequent to divorcing Defendant Rembert, she petitioned for and received custody of their three children. *Id* at p. 8, 17. Plaintiff also alleges that she was awarded child support payments, which Defendant Rembert failed to pay despite plaintiff's efforts to collect the purportedly required payments. *Id*. at p. 9-10, 17.

Next, plaintiff contends that Defendant Rembert committed fraud on the court by making false allegations in proceedings to remove the children from plaintiff's custody and to vacate the award of child custody. *Id*. at p. 8-9, 18. Plaintiff also alleges that Defendant Rembert made a deal with "Prosecuting Attorney Rebecca Fox" wherein Rembert and Fox reached a settlement without plaintiff's knowledge. *Id*. at p. 8.

Plaintiff does not explain what deal Defendant Rembert and Rebecca Fox allegedly reached, why plaintiff would need to be notified of any settlement or how it relates to the current litigation. Next, plaintiff contends that Defendant Rembert initiated proceedings to take custody of their children without serving plaintiff. *Id*. at p. 8, 10. Plaintiff expressly states that, "because Terry [Rembert] did not serve the petition within 90 days of filing the petition to modify child support under the terms of the child support order, the court erred in not entering an order of volunteer [sic] dismissal with a motion to dismiss." *Id*. at p. 10, 17. Plaintiff further contends that

REPORT AND RECOMMENDATION - 2

the court erred by not dismissing Defendant Rembert's petition to change custody for failure to file within the statute of limitation and for failure to properly serve plaintiff. *Id* at p. 10.

Next, plaintiff alleges that a DSHS employee named Jana Sterling (presumably Defendant Stealing) failed to report a crime for obstruction of justice or investigate allegations which caused harm to plaintiff. *Id*. at p.14. Plaintiff provided no factual allegations explaining how Defendant Stealing failed to report a purported crime or failed to investigate any allegations. Further, plaintiff alleges that the DSHS improperly took taxes from her checks and that she reported this alleged error. *Id*. at p. 15.

Finally, in addition to the above allegations, plaintiff also makes conclusory allegations that the defendants violated her rights under the First, Fourth, Fifth, and Fourteenth Amended of the United States Constitution. *Id*. at p. 5-7, 12, 13, 17.

**B. Standard of Review of a Proposed Complaint**

The Court must dismiss the complaint of an individual proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim for relief must contain:

> (1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) A short and plain statement of the claim showing the pleader is entitled to relief; and

1    (3) A demand for relief sought which may include relief in the alternative or different types of relief.

While the pleading standard under FRCP 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions" or "naked assertion[s]' devoid of "further factual enhancements." *Id.* (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (1988). However, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Neither a state nor its officials acting in their official capacities are "persons" within the meaning of Section 1983. Further, Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

REPORT AND RECOMMENDATION - 4

**C. Deficiencies in the Proposed Amended Complaint**

Plaintiff's proposed amended complaint adds new factual allegations to the original proposed complaint, but the claims allege the same purported violations. However, plaintiff has not cured the deficiencies identified in the previous Order to Show Cause (Dkt. 3.)

1. Rooker-Feldman Doctrine

This Court previously indicated that it was unclear whether the Court had jurisdiction over certain portions of the proposed complaint pursuant to the Rooker-Feldman Doctrine. Dkt. 3 at p. 4. Plaintiff's proposed amendments do not cure this defect, and actually indicate that portions of the complaint are barred by the Rooker-Feldman Doctrine.

As was discussed above, plaintiff alleges that the state court judge erred by not dismissing Defendant Rembert's petition to change custody as untimely and for failure to serve the petition on plaintiff. Dkt 4 at p. 10. Additionally, plaintiff cites to records from the state court proceedings to support her allegations. *Id*. at p. 10-12. Finally, plaintiff alleges that the state court's decision infringed plaintiff's Constitutionally protected rights, and lists the loss of custody of her children as part of the injuries suffered in this action. *Id*. at p. 12, 13.

The proposed amended complaint asks the Court to review the decisions of the state court in a custody proceeding. As was discussed in the previous Order to Show Cause (Dkt. 3), pursuant to the Rooker-Feldman Doctrine, the Court does not have the jurisdiction to review the decision of a state court. Therefore, the Court does not have jurisdiction over this portion of plaintiff's proposed amended complaint.

2. Eleventh Amendment Immunity

This Court previously indicated that the Washington State DSHS was immune from plaintiff's causes of action pursuant to the Eleventh Amendment of the United States

REPORT AND RECOMMENDATION - 5

Constitution. Dkt. 3 at p. 7. *Hafer v. Melo,* 502 U.S. 21, 30 (1991); *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974). And, an agency of Washington State cannot be a "person" under Section 1983. *Will v. Michigan,* 491 U.S. 58, 64 (1989). Plaintiff's proposed amended complaint provides no facts or authority supporting her causes of action against the Washington State DSHS.

      3. 42 U.S.C. § 1983

As discussed above, to state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt*, 451 U.S. at 535. As has been discussed in this Order and in this Court's previous Order to Show Cause (Dkt. 3), to state a claim under Section 1983, plaintiff must set forth the factual bases upon which the plaintiff claims each defendant is liable. *Aldabe*, 616 F.2d at 1092. Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey*, 673 F.2d at 269.

Plaintiff's proposed amended complaint fails to state a claim under Section 1983.

      A. Defendant Rembert

The first named defendant in the proposed amended complaint is Defendant Rembert. Dkt. 4 at p. 2. Plaintiff alleges that Defendant Rembert works as a correctional officer for the Pierce County Sherriff's Office. *Id*. at p. 2, 6, 9. However, plaintiff does not allege that Defendant Rembert was acting as a law enforcement officer under color of state law. Instead plaintiff alleges that Defendant Rembert failed to make child support payments, made false allegations against plaintiff in a child custody proceeding, and made an improper deal with "Prosecuting Attorney Rebecca Fox" in a child custody proceeding. *Id*. at p. 8-10. All of the

conduct that Defendant Rembert allegedly engaged in was related to a child custody dispute between plaintiff and her former husband, Defendant Rembert. Accordingly, it appears from the proposed amended complaint that, at all relevant times, Defendant Rembert acted not as a law enforcement officer but rather as a private individual in a dispute with plaintiff concerning child custody. Because there is no allegation of facts showing that this defendant acted under color of state law, plaintiff has failed to state a § 1983 claim against Defendant Rembert.

B. Pierce County Sherriff's Department

The second defendant named in plaintiff's proposed amended complaint is the Pierce County Sherriff's Department. Plaintiff alleges that she was retaliated against "for filing a complaint against Formal [sic] Husband which was employed [sic] by Pierce County Sherriff Department, in which they violated constitutional rights/or statutory rights by interfering [sic] or obstruction of justice [sic]." Dkt. 4 at p. 6. The only other allegation mentioning the Sherriff's Department is plaintiff's contention that she contacted the Sherriff's Department in an attempt to collect unpaid child support payments from Defendant Rembert. *Id.*, at p. 17.

There are three scenarios under which a municipality such as a County may be liable under Section 1983 (see Ninth Circuit Pattern Jury Instructions No. 9.5, 9.6, 9.7, 9.8) – first, if implementation of official policies, practices, or established custom (either formal or expressly adopted official policy – or a longstanding practice or custom that is "standard operating procedure") causes a constitutional injury; second, if there are acts or omissions such as failure to train employees and this policy, practice, custom, act or omission was done with deliberate indifference to the constitutional rights of persons who may be affected and causes a constitutional injury; or third, if the individual whose acts or omissions amount to a constitutional violation was an official who had final authority to make policy -- or if such

official ratified a subordinate's unconstitutional decision and the basis for it, and this causes constitutional injury. *Connick v. Thompson,* 563 U.S. 51, 60-61 (2011); *Castro v. County of Los Angeles,* 833 F.3d 1060, 1074 (9th Cir. 2016); *Bini v. City of Vancouver,* 218 F. Supp.3d 1196, 1201-1204 (W.D. Wash. 2016). At the pleading stage, the plaintiff must allege facts that would plausibly suggest entitlement to relief under Section 1983. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Neither of the allegations made in the proposed amended complaint state a claim against the Sherriff's Department. The conclusory statement that the Sherriff's Department interfered with or somehow violated her rights is insufficient to state a claim, because it provides no facts showing what policy, custom or practice, or any acts or omissions of the Sherriff's Department purportedly violated plaintiff's rights. The allegation that plaintiff contacted the Sherriff's Department for assistance in collecting child support payments is similarly insufficient because it does not explain how plaintiff's constitutionally protected rights were violated.

Next, although plaintiff refers to Defendant Rembert as "Officer Rembert" and "Officer Terry Rembert" in the proposed amended complaint, she makes no allegations that any action was taken either in his official capacity or under color of state law. Further, from the factual allegations in the proposed amended complaint, it does not appear that any act by Defendant Rembert was taken in his official capacity as an employee of the Sherriff's Department or otherwise on behalf of the Sherriff's Department.

For these reasons, plaintiff's proposed amended complaint fails to state a Section 1983 claim against the Pierce County Sherriff's Department.

### C. Defendant Stealing

Plaintiff's proposed amended complaint alleges that Defendant Stealing, as an employee of the DSHS, failed to report a crime and failed to follow provisions of the Washington Administrative Code, thus violating plaintiff's rights. Dkt. 4 at p. 14. Liberally construed, this allegation plausibly alleges that Defendant Stealing's alleged misconduct was committed under color of state law. However, in order to state a cause of action under Section 1983, a plaintiff must allege a violation of "a right secured by the Constitution and the laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988). A violation of a state law cannot be the basis of a Section 1983 action. Therefore, because plaintiff's claims against Defendant Stealing are based on an alleged violation of a state law, plaintiff's proposed amended complaint fails to state a Section 1983 cause of action against Defendant Stealing.

### D. Washington State DSHS

The final defendant named in the proposed amended complaint is the Washington State DSHS. As was discussed above, for purpose of Section 1983 neither a state nor its officials acting in their official capacities constitute a "person." *Will v. Michigan,* 491 U.S. 58, 64 (1989). And the State is entitled to immunity from lawsuits for damages under the Eleventh Amendment to the United States Constitution. *Hafer v. Melo,* 502 U.S. 21, 30 (1991); *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974). Therefore, neither the state nor an official acting in their official capacity can be sued for damages pursuant to Section 1983. For this reason, the DSHS, a state agency, cannot be sued for damages pursuant to Section 1983. Accordingly, plaintiff's proposed amended complaint fails to state a claim against the DSHS.

E. Other Allegations

Finally, throughout her proposed amended complaint plaintiff states that her constitutionally protected right have been violated. However, plaintiff does not explain who allegedly caused these violations or how any person allegedly violated her rights. These vague and conclusory allegations of wrongdoing without factual support are insufficient to state a claim pursuant to Section 1983.

4. Bivens Claim

*Bivens* actions are the judicially crafted counterparts to § 1983. They enable victims to sue individual federal officers for damages resulting from violations of constitutional rights. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). To state a claim under *Bivens*, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Id*.

Plaintiff's proposed amended complaint does not name any federal officers and does not allege that any conduct by a federal actor violated her constitutionally protected rights. Accordingly, plaintiff's proposed amended complaint fails to state a *Bivens* cause of action.

CONCLUSION

Plaintiff has already been granted the opportunity to state a viable constitutional claim by filing an amended complaint – however, plaintiff's proposed amended complaint has failed to cure the defects identified in the order to show cause. Plaintiff's amended complaint fails to state a cognizable claim under § 1983. Additionally, the factual allegations in the proposed amended

complaint indicate that some of plaintiff's claims are barred by the Rooker-Feldman Doctrine and the Eleventh Amendment.

Accordingly, the undersigned recommends that plaintiff's application to proceed *in forma pauperis* should be DENIED. Plaintiff has **fourteen (14)** days from the date of service of this Report and Recommendation to submit any objections to this Report and Recommendation, or to pay the filing fee. Fed. R. Civ. P. 72(b). If no objections are filed, and if Plaintiff does not pay the filing fee, then the Court should dismiss this case without prejudice.

Dated this 10th day of October, 2019.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11